1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MARTIN LINVILLE,                          No.  2:19-cv-2012-EFB P

12                   Petitioner,

13        v.                                   ORDER AND FINDINGS AND
                                               RECOMMENDATIONS
14   ROBERT NEUSCHMID,

15                   Respondent.

16

17        Petitioner is a state prisoner who, proceeding pro se, seeks a writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254.  He has filed an application to proceed in forma pauperis (ECF No.

19   2) which makes the required showing and is granted.  However, as explained below, his petition

20   (ECF No. 1) does not state a viable federal claim.

21        I.        Legal Standards

22        The court must dismiss a habeas petition or portion thereof if the prisoner raises claims

23   that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be

24   granted.  28 U.S.C. § 1915A(b)(1),(2).  The court must dismiss a habeas petition "[i]f it plainly

25   appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]"

26   Rule 4, Rules Governing Section 2254 Cases.

27   /////

28   /////

                                               1

1        II.       Analysis

2            Petitioner raises only a single ground in his petition:  that the trial court in which his

3     conviction was obtained lacked jurisdiction over his case.  ECF No. 1 at 12.  He appears to allege

4     that jurisdiction was lacking because "the mode and form" of his prosecution was by felony

5     complaint rather than an indictment or information.  *Id.* at 13.  Petitioner argues that "[t]he felony

6     complaint is an illegal charging instrument and violates the law when filed."  *Id.*

7            This claim sounds entirely in state law insofar as it centers entirely on the proper state

8     procedure for bringing criminal charges in California courts.  And it has long been held that

9     federal habeas relief does not lie for errors of state law.  *See Estelle v. McGuire*, 502 U.S. 62, 67-

10    68 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of

11    state law.'") (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).  Petitioner appears to argue that

12    a want of jurisdiction is an error of such magnitude that it is not susceptible to ordinary bars.  *See*

13    ECF No. 1 at 6 ("Time limits and bars . . . cannot be applied to [f]undamental [j]urisdictional

14    issues . . . .").  But other federal courts have indicated that a claim that a state court lacked

15    jurisdiction is not cognizable on federal habeas review.  *See, e.g.*, *Willis v. Egeler*, 532 F.2d 1058,

16    1059 (6th Cir. 1976) ("Determination of whether a state court is vested with jurisdiction under

17    state law is a function of the state courts, not the federal judiciary."); *Hernandez v. Ylst*, 930 F.2d

18    714, 719 - 20 (9th Cir. 1991) (stating that "[w]e are not persuaded that a constitutional violation

19    necessarily occurs when the convicting state court acts without jurisdiction purely as a matter of

20    state law," but finding it unnecessary to reach issue because state court had jurisdiction); *Wright*

21    *v. Angelone*, 151 F.3d 151, 157-59 (4th Cir. 1998) (petitioner's claim that state trial court lacked

22    subject matter jurisdiction over certain counts was "not cognizable on federal habeas review"

23    because it "rest[ed] solely upon an interpretation of Virginia's case law and statutes"); *Schweder*

24    *v. Ryan*, No. CV-16-08306-PCT-GMS (BSB), 2017 U.S. Dist. LEXIS 208436, *28 (D. Ariz.,

25    Dec. 18, 2017) ("Because a determination of the trial court's jurisdiction is based on the

26    application of state law, Petitioner's claims challenging the trial court's jurisdiction are not

27    amenable to federal habeas corpus review.") (adopted at *Schweder v. Ryan*, No. CV-16-08306-

28    PCT-GMS, 2018 U.S. Dist. LEXIS 107072 (D. Ariz., June 26, 2018)).

1    Based on the foregoing, the court concludes that the petition does not state a cognizable

2    federal claim and should be dismissed.

3    III.    Conclusion

4    Accordingly, it is ORDERED that:

5    1.  The Clerk of Court shall randomly assign a United States District Judge to this case.

6    2.  Petitioner's application to proceed in forma pauperis (ECF No. 2) is GRANTED.

7    Further, it is RECOMMENDED that the petition (ECF No. 1) be DISMISSED for failure

8    to state a cognizable federal claim.

9    These findings and recommendations are submitted to the United States District Judge

10   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days

11   after being served with these findings and recommendations, any party may file written

12   objections with the court and serve a copy on all parties.  Such a document should be captioned

13   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

14   within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

15   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In

16   his objections petitioner may address whether a certificate of appealability should issue in the

17   event he files an appeal of the judgment in this case.  *See* Rule 11, Rules Governing § 2254 Cases

18   (the district court must issue or deny a certificate of appealability when it enters a final order

19   adverse to the applicant).

20   DATED:  April 23, 2020.

21                                                    EDMUND F. BRENNAN
                                                      UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28